IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JAMES NICHOLAS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-08-0494 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| PA ATTORNEY GENERAL, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **MEMORANDUM**

Petitioner Edward J. Nicholas, an inmate currently confined at the Coal Township State Correctional Institution ("SCI-Coal Township") in Coal Township, Pennsylvania, commenced this case by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.) He has filed a Motion for leave to proceed *in forma pauperis*. (Doc. 2.) In addition, Nicholas has filed a "Motion for Extraordinary Relief." (Doc. 4.) Petitioner has filed seventeen (17) prior petitions seeking habeas relief in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition will be dismissed as a successive petition under 28 U.S.C. § 2244(b), and the "Motion for Extraordinary Relief" will be denied as moot.

## **DISCUSSION**

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9[1] of the Rules Governing Section 2254

---

[1] Rule 9 of the Habeas Corpus Rules provides:

Before presenting a second or successive petition, the petitioner must

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined."  *McCleskey v. Zant*, 499 U.S. 467, 483 (1991).  Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in *McCleskey* expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

*McCleskey*, 499 U.S. at 489 (citations omitted).

> In relevant part, § 2244(a) now provides:
>
> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ

---

obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

of habeas corpus, except as provided in section 2255.[2]

As previously noted, Petitioner has filed seventeen prior habeas petitions with this Court pursuant to 28 U.S.C. § 2254.  In his instant Petition, Nicholas seeks to challenge his conviction of two counts of aggravated assault and two counts of robbery following his August 22, 1997 arrest by the Harrisburg Police. (Doc. 1 at 1.)  His previous petitions, which similarly challenged the legality of his conviction and sentence in the Dauphin County Court of Common Pleas following his August 22, 1997 arrest, were either dismissed as time-barred or as successive petitions.  After reviewing the instant Petition, this Court concludes that Petitioner's challenge to the charges filed against him in Dauphin County is similar in all respects to the issues raised in his earlier petitions.

Thus, Petitioner has failed to show that his instant Petition falls within the statutory exceptions outlined above.  Further, there is no indication that Petitioner applied for and was granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals.  Under the

---

[2]Section 2255 provides, in pertinent part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

requirements set forth in § 2244(b), Petitioner's present successive Petition cannot be entertained by this Court, and the Petition will be summarily dismissed.

Petitioner also has filed a "Motion for Extraordinary Relief" in which he requests that this Court clarify "the degree of the offense" for which he was convicted in 1997 and sentenced in 1998 to a term of seventy-eight months to twenty years imprisonment.  (*See* Doc. 4 at 1.)  Because the Petition will be dismissed, the Motion, which also seeks relief with respect to Petitioner's 1997 conviction, will be denied as moot.

An appropriate Order follows.


June 26, 2008                                        s/ A. Richard Caputo
                                                     A. RICHARD CAPUTO
                                                     United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD JAMES NICHOLAS, :
:
        Petitioner, : CIVIL NO. 3:CV-08-0494
:
v. : (Judge Caputo)
:
PA ATTORNEY GENERAL, *et al.*, :
:
        Respondents. :

## ORDER

**NOW, THIS 26th DAY OF JUNE, 2008,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED** solely for the purpose of filing the instant habeas petition.

    2.    The Petition For writ of habeas corpus (Doc. 1) is **DISMISSED** as a successive petition under 28 U.S.C. § 2244(b).

    3.    The "Motion for Extraordinary Relief" (Doc. 4) is **DENIED** as moot.

    4.    The Clerk of Court is directed to close this case.

    5.    There is no basis for the issuance of a certificate of appealability.

                              s/ A. Richard Caputo
                              A. RICHARD CAPUTO
                              United States District Judge